## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ANDRE WASHINGTON                                               PETITIONER
ADC #108623

VS.                        CASE NO.: 5:11CV00304 DPM/BD

RAY HOBBS, Director,
Arkansas Department of Correction                              RESPONDENT

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D.P. Marshall Jr.  Mr. Washington – or any party –

may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Background

On April 20, 2009, Petitioner Andre Washington pleaded guilty in the Circuit Court of Pulaski County, Arkansas, to charges of attempting to commit rape and failing to register as a sex offender. (#2, p. 35-37) As a result of the these convictions, Mr. Washington was sentenced, as an habitual offender, to 180 months' incarceration in the Arkansas Department of Correction.

Mr. Washington did not appeal his conviction or sentence; nor did he seek relief through a Rule 37 post-conviction petition. But he did file a state habeas corpus petition in the Circuit Court of Lee County, Arkansas, on November 4, 2009. (#2, p. 31-33) The Lee County Court denied the petition on November 23, 2009, and Mr. Washington appealed. (#2, p. 38-40) On September 15, 2011, the Supreme Court of Arkansas affirmed. *Washington v. Norris*, 2011 Ark. 360 (*per curiam*).

Mr. Washington filed the current federal habeas corpus petition on November 25, 2011. (#2) Respondent Ray Hobbs argues that Mr. Washington procedurally defaulted all claims in the federal habeas petition. (#6) For reasons explained below, Mr. Washington's petition should be denied.

**III.**     **Discussion**

Before seeking federal habeas review, a state prisoner must first fairly present the

substance of each claim to every appropriate state court, thereby alerting those courts to

the federal nature of the claims and giving state courts an opportunity to consider and

correct any federal constitutional error.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct.

1347 (2004); 28 U.S.C. § 2254(b) and (c).  If claims raised in a federal habeas petition are

not properly presented and exhausted in state court, those claims are considered defaulted.

This procedural default doctrine applies to state post-conviction proceedings just as it

does to trial and direct appeal proceedings.  *Kilmartin v. Kemna*, 253 F.3d 1087, 1088

(8th Cir. 2001).

Mr. Washington did not file a state Rule 37 petition, but he did file a state habeas

corpus petition in the Lee County Circuit Court, alleging that his sentence was void and

illegal because the trial court failed to comply with the Arkansas Constitution and various

Arkansas rules of criminal procedure during the change-of-plea hearing.  (#2, p. 31-32)

The Lee County judge denied the petition on its merits, and Mr. Washington appealed

that decision.  (#2, p. 38)  The Arkansas Supreme Court affirmed, finding that Mr.

Washington had failed to present a claim that could be heard in a state habeas corpus

case. *Washington v. Norris*, 2011 Ark. 360 (*per curiam*).   And, in fact, under Arkansas

law, the claims Mr. Washington raised in his state habeas petition could have been raised

only in a Rule 37 post-conviction petition.  *Friend v. Norris*, 364 Ark. 315, 317, 219

S.W.3d 123 (Ark. 2005) (challenges to guilty plea proceedings can be brought only in a timely filed Rule 37 petition for post-conviction relief).  By the time Mr. Washington filed his state habeas petition, on November 4, 2009, he was already well past the ninety-day deadline for filing a Rule 37 petition. ARK.R.CRIM.P. 37.2(c)(i).

It is settled law that if a state has procedures giving convicted persons a fair chance to seek relief in state court, the failure to follow those state procedures constitutes an independent and adequate state ground for dismissal.  *Burr v. Snider*, 234 F.3d 1052, 1055 (8th Cir. 2000).  That is the situation here.  Mr. Washington failed to file a timely Rule 37 petition, and instead, improperly filed his claims in a state habeas corpus petition.  For that reason, the claims raised in the state habeas proceeding are procedurally defaulted.

In his pending federal habeas corpus petition, Mr. Washington has raised the same claims as those he raised in his state habeas petition.  In addition, he has included one new allegation – that absent counsel's unspecified deficient performance, he would not have pleaded guilty.  Whether this new allegation is deemed a new factual basis for a previously raised claim or a new claim altogether makes no difference.  Mr. Washington's federal claims must rely on the same factual and legal bases raised in state court.  *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006) (citations omitted).  Any change in the factual basis for relief, or the claims themselves, yield the same result – a finding of default.

Not only did Mr. Washington fail to file a state Rule 37 petition alleging ineffective assistance of counsel; in fact, he never raised an issue about his counsel's performance with any state court.  He has defaulted this claim.  See  *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011).

The only question remaining is whether Mr. Washington can establish cause and prejudice or, in the alternative, demonstrate that a failure to hear his case would result in a fundamental miscarriage of justice.  *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991)).

A.  *Cause and Prejudice for Default*

Cause for procedural default is established when an objective factor external to the defense impedes efforts to comply with the state procedural rules.  *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986).  Mr. Washington has not presented any basis for a finding of cause for his default.

In reply to Respondent's procedural default argument, Mr. Washington argues that the Supreme Court of Arkansas incorrectly applied Arkansas law in his appeal.  (#7, p. 7-8)  But an Arkansas court's misapplication of Arkansas law does not amount to cause that would excuse default.  See *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) ("[i]t is not the office of a federal habeas court to determine that a state court made a mistake of state law").

Mr. Washington also argues that his legal representation was a "sham" and that he should not be required to "all of the sudden become proficient in the law to thus vindicate himself . . .".  (#2, p. 8)  Ignorance of the law, however, cannot constitute cause for default.  See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989) (ignorance of law does not constitute cause for default); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedure to file state petition was not cause for tolling the statute of limitations); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law and the effect of voluntary dismissal was not cause).

Mr. Washington has not offered any reason, beyond his lack of legal knowledge, for his failure to present his claims in a timely Rule 37 petition.  Because he has not established cause for his default, there is no reason to address prejudice.  *Murphy*, 652 F.3d at 850.

B.  *Miscarriage of Justice*

Even absent a showing of cause and prejudice, habeas corpus petitioners can overcome procedural default by demonstrating that a court's refusal to hear a petition would result in a miscarriage of justice.  To establish a miscarriage of justice, however, Mr. Washington would have to show that, based on new evidence, a constitutional violation caused the conviction of someone who is actually innocent.  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996).  This exception is concerned only with claims of actual

6

innocence, as opposed to legal innocence.  *Id*.  A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Actual innocence can be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

Mr. Washington has not come forward with any evidence of actual innocence so as to overcome his procedural default.  In fact, Mr. Washington does not deny that he committed the crimes for which he was convicted.  (#2, #7)  Because he has not presented any evidence that a failure to hear this petition would result in a miscarriage of justice, he has not overcome his procedural default.

## IV.   <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Washington has not made a substantial showing of the denial of a constitutional right.   For that reason, the District Court should deny a certificate of appealability.

V.       **<u>Conclusion</u>**:

The Court recommends that Judge Marshall dismiss Mr. Washington's petition for

writ of habeas corpus.  Because there are no non-futile state judicial remedies available to

Mr. Washington, the dismissal should be with prejudice.

DATED this 4th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE